Charles EVERETT

v.

CHROMALLOY AMERICAN CORPO-
RATION d/b/a National Seating
Company, et al.

Civ. A. 87–122–B.

United States District Court,
M.D. Louisiana.

May 25, 1989.

Roy Maughan, Maughan, Atkinson & Martin, Ltd., Baton Rouge, La., for plaintiff.

---

**2.** The court acknowledges that it is familiar with the work of all the attorneys who have filed for fees.

Brian T. Butler, Law Firm of Grayson H. Brown, Baton Rouge, La., for intervenor.

Taylor, Porter, Brooks & Phillips, C. Michael Hart, W. Arthur Abercrombie, Baton Rouge, La., for defendants.

## RULING ON RECONSIDERATION OF COURT'S EARLIER RULING WHICH PROHIBITED THE DEFENDANTS FROM CALLING EXPERTS TO TESTIFY AT THE TRIAL

POLOZOLA, District Judge.

This matter is before the Court for reconsideration of its earlier ruling which prohibited the defendants from calling experts to testify at the trial. Since this Court's decision, the Fifth Circuit Court of Appeals has decided the case of *Bradley v. U.S.*, 866 F.2d 120 (5th Cir.1989). After considering the requirements set forth in the *Bradley* case, the Court finds that the defendants should be allowed to present expert testimony provided the sanctions imposed by the Court are complied with.

The defendants failed to timely exchange expert reports as required by the Court's scheduling order. Therefore, the Court issued an order prohibiting the defendants from calling any experts at the trial. However, the trial of the case was postponed and has been rescheduled for July 19, 1989. The Court now believes it would be in the interest of justice to permit the defendants to call an expert witness at the trial of the case.

The parties will have ample time to depose defendants' expert and to update or reevaluate any expert reports prepared by plaintiff's expert. The *Bradley* case requires the Court to consider four factors in deciding whether to allow expert testimony under the facts of this case. The first factor which must be considered is the importance of the expert testimony. It is clear the expert's testimony will go to the central issue in the case insofar as liability is concerned. The testimony is also relevant and its exclusion would be prejudicial.

The Court has already granted a continuance of the case. Therefore, this factor has been satisfied. *Bradley* also requires

the Court to consider the potential prejudice to the plaintiff. The plaintiff already knows who defendants' expert is and the nature of his testimony. The Court will allow plaintiff to depose the expert and will also allow plaintiff's expert to reevaluate his testimony and to update his report, if necessary.

The defendants' excuse for timely complying with the Court's order was not sufficient to permit the Court to allow the testimony earlier. However, the Fifth Circuit noted in footnote 11 of the *Bradley* case:

> In so doing, we emphasize that our holding is not to be interpreted as meaning that exclusion of witnesses or evidence has supplanted continuance as the preferred means of dealing with a party's attempt to designate a witness out of time or offer new evidence ... Coupled with appropriate sanctions, a continuance will serve the Court's truthseeking function while still allowing it to punish and deter conduct that is in violation of the rules.

The purpose of a trial is to present the full facts and truth to a fact finder. Excluding admissible and relevant evidence interferes with the jury's function. The Court believes appropriate sanctions can be imposed to penalize the defendants herein for the failure to comply with the scheduling order. Therefore, the Court will allow the defendants to call its expert witness. However, the defendants shall be required to comply with the following sanctions:

(1) The defendants shall pay reasonable attorney's fees and travel expenses incurred by the plaintiff in preparing for and taking the deposition of the defendants' expert. These costs shall be determined by the Court if the parties cannot agree.

(2) The defendants shall pay for the costs of plaintiff's copy of the expert's deposition.

(3) The defendants shall pay a reasonable fee which may be charged by the plaintiff's expert to review the defendants' expert report and to update his report, if necessary. The Court shall also determine this fee if the parties cannot agree.

(4) Within fifteen days of the date of this order, the defendants shall provide the plaintiff with a copy of the defendants' expert report.

(5) The defendants shall permit the plaintiff to depose the defendants' expert at a time, date and place convenient to the plaintiff. It is expected that the parties will extend professional courtesy to each other in scheduling this deposition.

IT IS SO ORDERED.